## Commonwealth ex rel. Meredith, Atty. Gen., v. Donaldson

Nov. 27, 1942.

Hubert Meredith, Attorney General, for plaintiff.

Smith & Leary for defendant.

OPINION OF THE COURT BY JUDGE TILFORD—Granting Injunction.

The motion of the Commonwealth to grant the temporary injunctive relief denied by the Chancellor has been allotted to the undersigned Judge of the Court of Appeals for consideration, and in the opinion of the members of that Court, the importance of the questions involved requires that a summary of the reasons for the conclusions reached, be published.

The salient facts disclosed by the uncontroverted verified petition are that the amount required to retire, on January 1, 1943 (the earliest retirement date), the

outstanding bonds issued by the State Highway Department for the acquisition of the bridge known as the ''C. & O. Railroad Bridge'' from Cincinnati to Covington, is $128,435.21; and that by October 1, 1942, the accumulations from the tolls collected and credited to the C. & O. Bridge Bond Fund aggregated $182,206.91.

The Attorney General contends that it was the duty of the Commissioner of Highways to discontinue the collection of tolls, approximately $1000 per day, as soon as he had collected a sufficient amount to pay the bonds in full, and seeks temporary injunctions prohibiting the further collection of tolls and requiring the immediate opening of the bridge to free travel. The Commissioner contends that he is entitled to continue the collection of tolls until December 1, 1942, the date set by him for the freeing of the bridge, and to use the surplus funds already accumulated to reimburse the Highway Road Fund, in part, for expenditures of maintenance, including repairs contracted for and to be made in the near future, largely exceeding the accumulations. With the ultimate disposition of the surplus accumulated, we are not immediately concerned, although one of the ultimate objects of this action is to determine that question. Neither are we concerned with the seemingly sound economic and practical considerations which actuated the Commissioner in continuing the collection of tolls beyond the period in which a sufficient amount had been realized to fully pay and discharge the bonds. The Legislature, possibly through oversight, failed to specifically cover the gaps intervening between the semi-annual interest dates on which such bonds might be called and the dates on which the accumulated tolls might equal the amount necessary for that purpose. We are governed by the language and intention of that body manifested by the 1928 Act (Chapter 172) and the 1930 Act (Chapter 157), the provisions of both of which enactments are now embraced within Kentucky Statutes 4356s-1 to 4356s-38, inclusive (KRS 180.010 to 180.990).

Limitations of time forbid any further statement of our interpretation of these Statutes than that they manifest an intention of the Legislature to free as soon as possible the toll bridges of the State by imposing the cost of maintenance on the State Road Fund and devoting the tolls to the retirement of the bonds issued for their acquisition.

It is true that this Court, in describing the scope of the 1928 Act in a suit to test its constitutionality (Bloxton v. State Highway Commission, 225 Ky. 324, 8 S. W. (2d) 392) indicated that the Highway Department might reimburse itself for the cost of maintenance out of the tolls, and that later cases referred to the Bloxton case without deciding the correctness of its statement on this particular subject; but regardless of the proper interpretation of the 1928 Act, standing alone, the Statutes, as now compiled, embracing both the 1928 and 1930 Acts, unmistakably manifest the will of the Legislature that the collection of tolls should cease as soon as sufficient revenue had been derived to fully discharge and pay the outstanding bonds. See particularly KRS 180.100, KRS 180.090, and KRS 180.130.

It follows that the Chancellor should have granted the temporary injunctions sought. The Commonwealth's motion is sustained and the injunctions granted.

The whole court sat in considering this motion, and all of the members, except Judge Cammack, concur in the conclusions announced. He is of the opinion that the 1928 and 1930 Acts, as heretofore construed by this court, authorize the Commissioner to reimburse the Road Fund for the actual and reasonable amounts expended for the operation and maintenance of toll bridges, after sufficient amounts have been collected to retire the bridge bonds.